UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL RUALES,

                           Plaintiff,

    -against-                                        **SUA SPONTE**
                                                    **REPORT &**
                                                    **RECOMMENDATION**
                                                    CV 18-2264 (JS) (AYS)

THOMAS GREER, INDIVIDUALLY AND
ON BEHALF OF THE NASSAU COUNTY
POLICE DEPARTMENT,

                           Defendant.
----------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       On April 17, 2018, Pro Se Plaintiff Michael Ruales ("Plaintiff") commenced this action against Defendant Thomas Greer ("Defendant"), alleging, inter alia, that Defendant discriminated against Plaintiff based upon his race, in violation of 42 U.S.C. § 1983. Specifically, Plaintiff's Complaint alleges that on or about March 2, 2018, while en route to testify as a witness in a trial in New York State court in Suffolk County, Defendant pulled Plaintiff's vehicle over and issued him four citations that Plaintiff alleges were issued because he is Hispanic. (Compl. at 3-4.) According to Plaintiff, as a result of the four citations, he will be assessed severe fines, as well as points on his driving record, due to being targeted by the Nassau County Police Department as a result of his race. (Id. at 4.)

       Despite initially appearing in this action, Plaintiff has failed to appear at status conferences scheduled by this Court on two occasions now. For the reasons set forth below, and, in particular, the fact that Defendants will be prejudiced by Plaintiff's protracted lack of any

1

involvement in this matter, this Court respectfully recommends that this action be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

Plaintiff commenced this action pro se on April 17, 2018. (Compl., DE [1].) On July 2, 2018, Defendant filed its Answer to Plaintiff's Complaint. (DE [12].) An initial conference was held before the undersigned on September 26, 2018, at which only counsel for Defendant appeared. (DE [14].) The initial conference was then adjourned to October 30, 2018 and Defendant's counsel served Plaintiff with a copy of the scheduling order. (DE [15].)

The adjourned initial conference was held on October 30, 2018, and both Plaintiff and counsel for Defendant appeared. (DE [16].) During the initial conference, the Plaintiff advised the Court that he would like to settle the action. (DE [16].) The Court directed the parties to discuss settlement and to submit a joint status letter to the Court on November 13, 2018. (DE [16].)

The parties submitted a joint status letter on November 13, 2018, advising the Court that settlement would not be possible and including a proposed discovery plan. (DE [18].) By Order dated November 14, 2018, the Court adopted the parties' proposed discovery plan and directed the parties to appear for a status conference on February 12, 2019. (Elec. Order of Shields, M.J., dated Nov. 14, 2018.) Defendant's counsel served Plaintiff with a copy of the Court's Order and filed a certificate of service on November 14, 2018. (DE [19].)

Based upon a request from Defendant's counsel, and with Plaintiff's permission, the status conference scheduled for February 12, 2019 was adjourned to March 6, 2019. (DE [21]; Elec. Order of Shields, M.J. dated Feb. 11, 2019.) Again, Defendant's counsel served Plaintiff with a copy of the Court's Order and filed a certificate of service on the docket sheet. (DE [22].)

2

Plaintiff failed to appear at the status conference on March 6, 2019. Nor did Plaintiff communicate with the Court or Defendant's counsel with respect to his non-appearance. Accordingly, this Court rescheduled the status conference for April 4, 2019 and advised Plaintiff that failure to appear at the next status conference might result in a recommendation to the District Court that this action be dismissed, with prejudice, for failure to prosecute. (DE [23].) Defendant's counsel served Plaintiff with a copy of the Court's Order and filed a certificate of service on March 6, 2019. (DE [24].)

The Court held the status conference on April 4, 2019 and, again, Plaintiff failed to appear. Plaintiff also again failed to communicate with the Court or Defendant's counsel with respect to his non-appearance. (DE [25].) Accordingly, based on Plaintiff's continued non-appearance in this action, this Court respectfully recommends that Plaintiff's Complaint be dismissed, with prejudice, for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. As discussed above, Plaintiff has repeatedly failed to comply with this Court's orders. Despite being served with all of the scheduling orders in this action, Plaintiff has failed to appear twice now for scheduled conferences. Moreover, there has been no contact by Plaintiff with either Defendant's counsel or the Court. Additionally, Plaintiff was warned that failure to comply with this Court's orders may result in a recommendation to the District Court that this action be dismissed for failure to prosecute. Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent.

4

Indeed, despite being commenced in April 2018 – approximately one year ago – there has been nothing substantive done in this action.  Since its inception, Plaintiff has wholly failed to advance this litigation.  Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation.  See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund").  This delay is unnecessary, unfair, and has impeded the Defendant's ability to marshal an effective defense.  As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this action for failure to prosecute.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel.  Further, the Court is directing Defendant to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es) and to file proof of service on ECF by April 11, 2019.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this

action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
April 8, 2019

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge